UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASPER WIRTSHAFTER,<br>BENJAMIN ROBINSON, Ph.D.,<br>MADELEINE MELDRUM,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE TRUSTEES OF INDIANA<br>UNIVERSITY, in their official capacities;<br>PAMELA WHITTEN, in her individual<br>and official capacity as President of Indiana<br>University,<br><br>    Defendants. | No. 1:24-cv-754 |

**Complaint for Declaratory and Injunctive Relief and Damages**

**Introduction**

1.   Dunn Meadow is a 20-acre open area on the Bloomington campus of Indiana University that since 1969 has been designated by the University as a public forum for expression on all subjects. It has therefore been the scene for numerous meetings, expressive activities, and demonstrations of all types. In the last 8 days it has been the scene of demonstrations over the war that is currently raging in Gaza. Since 1969 Indiana University had in effect a rule that did not require prior permission to post temporary signs or structures during activities on Dunn Meadow that did not remain overnight. However, immediately prior to the first demonstration concerning the war in Gaza, a new

[1]

policy was enacted requiring prior permission. The rule making Dunn Meadow a public forum, however, did not change.

2.     Numerous persons were arrested for criminal trespass during the April 25, 2024 demonstration and during subsequent demonstrations, for allegedly not heeding law enforcement calls to disperse. Those who were arrested, many of them students and faculty at the University, were given "no-trespass orders," at the very least preventing them from returning to Dunn Meadow. Some of the "no-trespass orders" barred their recipients from all University property throughout Indiana.

3.     The effect of the no-trespass orders is, among other things, to ban those receiving the orders from being able to enter the public forum of Dunn Meadow to engage in First Amendment expression. This is the quintessential example of a prior restraint and violates the First Amendment. The plaintiffs, all of whom have received no-trespass orders, have suffered, and continue to suffer violation of their First Amendment rights. Declaratory and injunctive relief must be entered to remedy this obvious constitutional problem and plaintiffs should be awarded their damages.

**Jurisdiction, venue, cause of action**

4.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6.     Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

7. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

8. Jasper Wirtshafter is an adult resident of Bloomington, Indiana.

9. Benjamin Robinson, Ph.D., is an adult resident of Indiana.

10. Madeleine Meldrum is an adult person attending Indiana University.

11. The Trustees of Indiana University comprise the University's governing body and are charged with control of Indiana University and its property.

12. Pamela Whitten is President of Indiana University, duly appointed by the Trustees of Indiana University.

**Factual allegations**

13. Dunn Meadow is a large 20-acre open area on the campus of Indiana University in Bloomington, Indiana.

14. Effective January 1, 1969, the Trustees of Indiana University enacted the Policy for the Use of Indiana University Assembly Ground, BL-ACA-I18 ("the Policy"). (Attached as Exhibit 1).

15. Under the Policy the Trustees of Indiana University designated Dunn Meadow "as a public forum for expression on all subjects."

16. Since that time, Dunn Meadow has been the location of numerous protests, demonstrations, and other First Amendment expression on a wide variety of issues.

17. Although the Policy states "that students, staff and faculty of the University may express any point of view on any subject" in Dunn Meadow, the use of the area as a public forum for free expression has never been limited to the University community and persons from the Bloomington area not associated with the University have frequently participated in expressive activities and demonstrations in Dunn Meadow.

18. The Policy, as passed in 1969, provided that absent advance permission any signs, symbols, or structures used for a demonstration could only be on the grounds from 6:00 A.M. to 11:00 p.m.

19. On April 24, 2024, the day before a large demonstration was to take place protesting the continuing war in Gaza, the Policy was changed to require that permission had to be obtained prior to the erection of temporary or permanent installation of any structures, including tents and signage, in Dunn Meadow, regardless of the time of day of the planned display.

20. However, the April 24, 2024 modification did not alter the portion of the policy that makes Dunn Meadow a public forum.

21. Dunn Meadow remains a public forum.

22. The anticipated demonstration occurred on April 25, 2024.

23. Tents were erected by some of the demonstrators.

24. At some point, law enforcement personnel allegedly instructed demonstrators to remove the tents and to disperse.

25. When that did not occur, a large number of persons were arrested for criminal trespass and were taken to the Monroe County Jail to be booked.

26. Demonstrations have continued to occur each day since April 25, 2024.

27. More persons have been arrested.

28. Many if not all of those who have been arrested have received "no-trespass orders" pursuant to Indiana Code § 35-43-2-2, from officers of the Indiana University Police Department that prohibit them from reentering specified property. Most of those receiving the notices were informed that they could not return to any property owned by Indiana University, which necessarily includes property throughout Indiana, although some received more specific bans limited to Dunn Meadow. Most of the no-trespass orders were for one year, although some persons received orders for a longer period.

29. The no-trespass orders have the effect of prohibiting the persons from entering the public forum of Dunn Meadow and engaging in expressive activity.

30. On information and belief the no-trespass orders have been issued at the direction of President Whitten.

31. The Trustees of Indiana University, as the governing body of the University, have the power to determine the use of University property, including assembly on the property, and to create a University police department. Ind. Code §§ 21-31-2-1, 21-39-4-2.

32. The Trustees of Indiana University also have the ability to delegate their powers to President Whitten. Ind. Code § 21-38-3-2.

33. Jasper Wirtshafter is a Bloomington resident who is not currently affiliated with Indiana University, although he has a degree from the University.

34. Mr. Wirtshafter has attended events, rallies, and demonstrations in Dunn Meadow in the past as well as attending concerts there.

35. On April 27, 2024, Mr. Wirtshafter was part of the demonstration on Dunn Meadow concerning the Gaza war.

36. Mr. Wirtshafter was arrested and received a no-trespass order that states that he is not allowed to go onto Indiana University property for one year.

37. There is a University-based administrative appeal procedure provided for the no-trespass order, although it is not clear what the appeal entails.

38. Indiana University has the ability to stay the effect of the no-trespass order while an appeal is taken of the no-trespass order.

39. Mr. Wirtshafter requested an appeal and requested a stay. The appeal is pending, but the stay has been denied.

40. Therefore, at the current time, Mr. Wirtshafer has not been able to return to Dunn Meadow to continue to participate in the demonstrations that are ongoing.

41. He wishes to be able to return to participate in the demonstrations in Dunn Meadow.

42. Benjamin Robinson, Ph.D., is a tenured faculty member at Indiana University in Bloomington and is currently an associate professor of Germanic studies.

43. On April 25, 2024, while participating in the demonstration at Dunn Meadow, Dr. Robinson was arrested and received a no-trespass order, barring him from Indiana University property for one year.

44. He appealed that order and learned late in the afternoon on April 29, 2024 that the no-trespass order had been stayed pending administrative review.

45. Although the stay was temporarily lifted at that time, he was not able to attend the demonstrations in Dunn Meadow that took place on April 26, 27, 28, and 29.leine

46. He would have attended those protest activities in Dunn Meadow if he had not received the no-trespass order.

47. Although it is temporarily stayed due to the University appeal process, there is still an outstanding trespass notice that specifies Dr. Robinson is not allowed to set foot on Indiana University property. He has no assurance that he will prevail in his appeal and therefore he has no guarantee that he will be able to participate in protests that take place during the period when he is banned.

48. He wishes to be able to attend future protests in Dunn Meadow but is at risk of not being able to do so because of the pendency of the no-trespass order.

49. Madeleine Meldrum is a graduate student at Indiana University who is currently attending school and will in the fall of 2024.

50. She is scheduled to work as a research assistant this summer on the grounds of the Bloomington campus of Indiana University.

51. On April 25, 2024, while participating in the demonstration at Dunn Meadow, she was arrested and received a no-trespass order, barring her from Indiana University property for one year.

52. She appealed that order but as of the time of the filing of this complaint, she has not been notified that the no-trespass order has been stayed.

53. She has therefore not attended any of the protests that have been held in Dunn Meadow since April 25, 2024, and that continue to be held there.

54. She would like to return to Dunn Meadow and exercise her First Amendment right to engage in peaceful protest, but she has not been allowed to do so because of the no-trespass order.

55. Plaintiffs have been damaged by the defendants' actions in banning them from engaging in future demonstrations and expressive activities in Dunn Meadow.

56. Plaintiffs are being caused irreparable harm for which there is no adequate remedy at law.

57. At all times defendants have acted under color of state law.

**Claim for relief**

58. The actions of the defendants that have banned plaintiffs from a public forum violate the First Amendment.

    WHEREFORE, plaintiffs request that this Court:

    a.    accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b.     enter a preliminary injunction allowing Jasper Wirtshafter and Madeleine Meldrum to immediately return to Dunn Meadow to engage in activities protected by the First Amendment.

c.     enter a permanent injunction allowing all plaintiffs to return to Dunn Meadow to engage in activities protected by the First Amendment.

d.     award plaintiffs their damages, including compensatory and nominal damages as appropriate.

e.     award plaintiffs their costs and reasonable attorneys' fees.

f.     award all other proper relief.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiffs