UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASPER WIRTSHAFTER, | ) | |
| BENJAMIN ROBINSON, Ph.D., | ) | |
| MADELEINE MELDRUM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-754-RLY-MJD |
| | ) | |
| THE TRUSTEES OF INDIANA | ) | |
| UNIVERSITY, in their official capacities; | ) | |
| PAMELA WHITTEN, in her individual | ) | |
| and official capacity as President of Indiana | ) | |
| University, | ) | |
| | ) | |
| Defendants. | ) | |

## CASE MANAGEMENT PLAN

I. <u>**Parties and Representatives**</u>

    A.    Plaintiffs:    Jasper Wirtshafter; Benjamin Robinson, Ph.D,; Madeleine Meldrum

            Defendants:    The Trustees of Indiana University; Pamela Whitten

    B.    Counsel for plaintiffs:

            Kenneth J. Falk
            Gavin M. Rose
            Stevie J. Pactor
            ACLU of Indiana
            1031 E. Washington Street
            Indianapolis, IN  46202
            (317) 635-4059
            (317) 635-4105
            kfalk@aclu-in.org
            grose@aclu-in.org
            spactor@aclu-in.org

Counsel for defendants:

John R. Maley
Amanda Jane Gallagher
Charity Seaborn
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
317/231-7464
john.maley@btlaw.com
amanda.gallagher@btlaw.com
charity.seaborn@btlaw.com

## II.   <u>Jurisdiction and Statement of Claims</u>

A.   This Court has subject matter jurisdiction over the Plaintiff's Complaint under 28 U.S.C. § 1331, in that the claims arise under the First Amendment to the United States Constitution.

B.   <u>Plaintiffs:</u>   The actions of the defendants in banning plaintiffs from Dunn Meadow, a public forum, violated the First Amendment.

C.   <u>Defendants:</u>  Indiana University implemented a lawful time, place, and manner restriction that limited the erection of structures, including tents, upon Dunn Meadow without prior approval.  Plaintiffs did not seek prior approval but, nevertheless, were involved in the impermissible construction of structures. When Officers from the Indiana University Police Department and the Indiana State Police Department ("ISPD") ordered Plaintiffs and the other protestors to remove the structures, upon information and belief, they refused to do so and otherwise failed to comply with the lawful orders of a law enforcement officer. Plaintiffs were then arrested by ISPD, and received no trespass orders according to University policy.  The no trespass orders have subsequently been rescinded for all plaintiffs.

## III.   <u>Pretrial Pleadings and Disclosures</u>

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before July 26, 2024.

B.   Plaintiff shall file preliminary witness and exhibit lists on or before August 2, 2024.

C.   Defendants shall file preliminary witness and exhibit lists on or before August 9, 2024.

2

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before, September 19, 2024.

E.    Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before August 2, 2024. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 21 days after receipt of the proposal. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 5, 2025.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendants shall make their expert disclosure on or before June 3, 2025.

G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before              .  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    All parties shall file and serve their final witness and exhibit lists on or before July 3, 2025.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.   The parties do not believe that a substantial volume of ESI will be produced in thi case.

The plaintiffs anticipate seeking discovery on the following issues: the no-trespass orders that were issued to plaintiffs and the basis, authority, and reasons for their issuance; all persons involved in issuing the no-trespass orders; the effect of the no-trespass orders on the ability of plaintiffs to enter Dunn Meadow; the nature of Dunn Meadow; and the possibility of future no-trespass orders.

The parties agree that ESI shall be produced in its native format, including metadata, unless otherwise specified.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   Discovery[1] and Dispositive Motions

A.   Both parties intend to seek summary judgment in this matter. The parties believe that there will be no contested issues as to the nature of the forum, the issuance of no-trespass orders after plaintiffs' arrests, and the effect of the no trespass orders on the plaintiffs' ability to return to Dunn Meadow. The legal question concerns whether no-trespass orders violated the First Amendment.

B.   On or before March 10, 2025, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of

---

[1]   The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.     Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

_X_____ Track 2: Plaintiffs shall file their dispositive motion by May 2, 2025; Defendants' response in opposition and cross-motion for summary judgment is due 30 days after the filing; Plaintiffs' reply in support of its dispositive motion and response in opposition to Defendants' cross-motion is due 30 days thereafter; and Defendants' reply in support of its cross-motion is due 21 days thereafter. Non-expert witness discovery and discovery relating to liability issues shall be completed by March 3, 2025. Expert witness discovery and discovery relating to damages shall be completed by August 4, 2025. All remaining discovery shall be completed by September 3, 2025.

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.     Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in January of 2025.**

**VI.    Trial Date**

The parties will be prepared for trial in January of 2026. Defendants are requesting a trial by jury and the trial is anticipated to take 3 days.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

       b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.**      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.     **Other Matters**

        None at this time.

| | |
|---|---|
| Kenneth J. Falk | /s/ *John R. Maley* |
| Gavin M. Rose | (w/permission) |
| Stevie J. Pactor | John R. Maley |
| ACLU of Indiana | Amanda Jane Gallagher |
| 1031 E. Washington St. | Charity Seaborn |
| Indianapolis, IN 46202 | BARNES & THORNBURG LLP |
| 317/635-4059 | 11 S. Meridian St. |
| fax: 317/635-4105 | Indianapolis, IN  46204 |
| kfalk@aclu-in.org | 317/231-7464 |
| spactor@aclu-in.org | john.maley@btlaw.com |
| gavin.rose@aclu-in.org | amanda.gallagher@btlaw.com |
| | charity.seaborn@btlaw.com |
| Attorneys for Plaintiffs | |
| | Attorneys for Defendants |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____  IN PERSON IN ROOM _____; OR<br><br>_____  BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____  BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

9

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**