UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASPER WIRTSHAFTER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:24-cv-00754-RLY-MKK |
| | ) |
| THE TRUSTEES OF INDIANA UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**UNIVERSITY DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Undisputed facts and controlling law leave no triable issue, and indeed no live controversy. Plaintiffs challenge policy material that no longer exists, disciplinary letters that have been formally rescinded, and temporary trespass warnings issued after their arrests that neither violated clearly established law nor arose from personal involvement of the two individual-capacity officials they sue for money damages. Deficiencies including Article III, sovereign immunity, and qualified immunity bar relief and require this case's termination.

To start, the sole damages claim collapses at every step of the qualified-immunity analysis. First, Plaintiffs cannot establish a constitutional violation. The temporary trespass warnings were content-neutral safety measures issued as contemplated by IUPD General Order G18.1.1, only after Plaintiffs were arrested for conduct including criminal trespass. None restricted speech because of its content or viewpoint. Each was promptly stayed and then rescinded through the very appeal process the policy provides. Even if a violation could be hypothesized, no "clearly established" precedent put Indiana University's President or Superintendent on notice that issuance of brief campus-access warnings, amid escalating unrest, would transgress the First Amendment. Plaintiffs cite no case remotely analogous, and qualified immunity protects "all but the plainly incompetent or those who

knowingly violate the law." In any event, the damages claim fails also for lack of personal involvement, as Section 1983 requires personal responsibility, not vicarious liability.

The remaining claims, all for non-monetary relief, are non-justiciable and otherwise deficient. The defunct August 2024 expressive-activity policy has been twice superseded and all letters issued under it have been formally rescinded and confirmed to have "no force or effect," leaving no live or redressable harm. The November 2024 policy's overnight restriction has been superseded by the current UA-10 Policy, which contains no such provision—the focus of Plaintiffs' challenge. Thus, last month defense counsel inquired of Plaintiffs' counsel whether Plaintiffs concur with Defendants that the non-damages claims are moot. Plaintiffs did not agree. But they have no live claim, no standing, no ongoing federal-law violation to avoid sovereign immunity, and no viable, non-speculative basis for the extraordinary relief they seek from this Article III Court.

Accordingly, the Court should grant Defendants' Cross-Motion and dismiss this case.

Respectfully submitted,

*/s/ John R. Maley*
John R. Maley
Dylan A. Pittman
Amanda Jane Gallagher
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 231-7464
Email: jmaley@btlaw.com
dylan.pittman@btlaw.com
amanda.gallagher@btlaw.com

Charity Seaborn
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
312.214.4827
charity.seaborn@btlaw.com

*Counsel for Defendants*