UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JASPER WIRTSHAFTER, *et al.*,              )
                                           )
        Plaintiffs,                        )
                                           )
        v.                                 )        No. 1:24-cv-00754-RLY-MKK
                                           )
PAMELA WHITTEN, in her individual and      )
official capacities as President of Indiana )
University, *et al.*,                      )
                                           )
        Defendants.                        )

**Plaintiffs' Motion for Attorneys' Fees and Costs**

Plaintiffs, by their counsel, move this Court for an award of attorneys' fees

pursuant to 42 U.S.C. § 1988 inasmuch as they partially prevailed in this case. In support

of this motion they say.

1.      This case is a consolidated case that raised three general claims:

        a.      The imposition of "no-trespass" orders on the plaintiffs by defendants that
        denied plaintiffs access to Dunn Meadow, a public forum, violated the First
        Amendment and defendants were therefore liable for damages. This is referred to
        as "the Damages Claim."

        b.      The August 1, 2024 Expressive Activity Policy ("August Policy") violated
        the First Amendment and plaintiffs were entitled to injunctive relief. This claim
        was raised in Case No. 1:24-cv-1469-RLY-MJD, although that case was
        consolidated into this case on December 10, 2024.

        c.      The November 15, 2024 Expressive Activity Policy ("November Policy"),
        which amended the August Policy also violated the First Amendment and
        plaintiffs were entitled to injunctive relief. This claim was raised in Case No. 1:24-
        cv-1469-RLY-MJD prior to its consolidation.

[1]

2.      The parties filed cross-motions for summary judgment and on January 8, 2026, this Court issued its Entry on Plaintiffs' Motion for Partial Summary Judgment and Defendants' Cross-Motion for Summary Judgment (Dkt. 132) and held that:

> a.      although the no-trespass orders that banned the plaintiffs from Dunn Meadow did violate the First Amendment, the defendants were entitled to qualified immunity and therefore plaintiffs' Damages Claim was denied. (*Id.* at 35-38);

> b.      The August Policy violated the First Amendment and although it had been replaced by the November Policy, the plaintiffs were entitled to injunctive relief expunging the record of all disciplinary actions taken against the plaintiffs. (*Id.* at 20-22, 38);

> c.      The plaintiffs' challenge to the November Policy was moot. Earlier, on May 29, 2025, this Court granted plaintiffs' motion for preliminary injunction preventing enforcement of the November Policy. (Dkt. 102). The policy was repealed following the preliminary injunction decision and in its January 8, 2026 Entry this Court granted defendants' summary judgment motion as plaintiffs' claim concerning the November Policy was moot. (Dkt. 132 at 14-18, 38).

3.      The Supreme Court has established that plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 even if they did not prevail on all claims, although the fee should be reduced to the extent that plaintiff spent discrete time on issues on which they failed to prevail. *Hensley v. Eckerhart*, 461 U.S. 424, 434-36 (1983). However, the Court also noted that while "[t]he district court may attempt to identify specific orders that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436.

[2]

4.      As noted, the plaintiffs prevailed on one of their three claims as the received a permanent injunction arising from the unconstitutionality of the August Policy, but failed to prevail on their Damages Claim or their claim against the November Policy.

5.      Plaintiffs have separately submitted declarations from their attorneys containing their time records, and those of support staff, for all time spent beginning with the work leading up to the challenge to the August Policy. This removes all work that was solely done on the Damages Claim.

6.      Inasmuch as plaintiffs prevailed on one of the three claims, they are seeking attorneys' fees for one-third of the remaining time as well as one-third of their costs, not including the filing fee for the Damages Claim as follows.

### Time Spent Litigating the Merits

| Staff | Total Hours | 1/3 Hours | Current Hourly Rate | Request (1/3 Hours x Hourly Rate) |
|---|---|---|---|---|
| Falk | 258.6 | 86.2 | $675 | $58,185 |
| Rose | 84 | 28 | $575 | $16,100 |
| Pactor | 16.2 | 5.4 | $475 | $2,565 |
| D'Angelo (Lit. Support Manager) | 15 | 5 | $250 | $1,250 |
| Beeler-Babb (Paralegal) | 34.9 | 11.6 | $250 | $2,908 |
| **TOTAL** | | | | $81,008 |

### Time Spent Litigating the Fee Claim

| Staff | Total Hours | Current Hourly Rate | Request |
|---|---|---|---|
| Falk | 17.7 | $675 | $11,947.50 |
| Rose | 1.8 | $575 | $1,035.00 |

[3]

| Pactor | .5 | $475 | $237.50 |
|--------|-----|------|--------:|
| **TOTAL** | | | $13,220 |

**TOTAL FEES:   $81,008 + $13,220 =    $94,228**

*Costs*

| Total Costs | 1/3 of Total Costs |
|-------------|--------------------|
| $4623.39 | $1541.13 |

7.      Accordingly, plaintiffs are entitled to an award of $95,769.13 ($81,008 + $13,220 + $1541.13) in attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

8.      In further support of this motion, plaintiffs separately submit declarations from attorneys of record Kenneth Falk, Gavin Rose, and Stevie Pactor, and supporting declarations from attorneys Richard Waples and Mark Sniderman, all of which are incorporated by reference. They also separately submit their memorandum of law, which is incorporated by reference.

WHEREFORE, plaintiffs request that they be awarded $95,769 as their attorneys' fees in this case, and for all other proper relief.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.

[4]

Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiffs

[5]