UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JASPER WIRTSHAFTER, *et al.*,                    )
                                                  )
   *Plaintiffs,*                    )
                                                  )
v.                                                )   No. 1:24-cv-00754-RLY-MKK
                                                  )
THE TRUSTEES OF INDIANA UNIVERSITY, *et al.*,     )
                                                  )
   *Defendants.*                    )

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS**

Defendants (Trustees of Indiana University, Pamela Whitten, and Benjamin Hunter) respectfully move this Court for an award of attorney's fees pursuant to 42 U.S.C. § 1988 and for taxation of costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. On January 8, 2026, this Court entered final judgment "in favor of the Defendants and against the Plaintiffs" on two of the three claims asserted in this consolidated action [ECF134]—specifically, on the damages claim challenging trespass warnings (the sole claim against the two individual-capacity Defendants) and the non-damages claim challenging a November 2024 IU policy. Plaintiffs received final judgment only on a single non-damages claim related to the superseded August 2024 IU policy, obtaining expungement of previously rescinded discipline.

Defendants thus prevailed as to the substantial part of the litigation, and are entitled to recover their taxable costs. Defendants reasonably and necessarily incurred $10,620.72 in deposition and transcript costs that are recoverable under 28 U.S.C. § 1920, and respectfully request that these costs be taxed against Plaintiffs and included in the judgment, as set forth in the accompanying Bill of Costs and Declaration of John R. Maley.

Under 42 U.S.C. § 1988, a prevailing defendant may recover fees incurred defending a claim that was unreasonable, frivolous, or without foundation or that a plaintiff "continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978); *Fox v. Vice*,

1

563 U.S. 826, 836–38 (2011); *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). Two categories of fees are warranted here. First, Plaintiffs continued to litigate their non-damages challenge to the November 2024 policy after Indiana University's Board formally repealed it on June 12, 2025, pressing claims that were moot under binding Seventh Circuit precedent and forcing Defendants to brief and defend the mootness issue through summary judgment. Second, Plaintiffs pursued a damages claim predicated on trespass warnings despite the absence of any analogous precedent establishing the alleged constitutional violation "beyond debate," as required by settled qualified-immunity doctrine. Defendants seek a net fee award of $80,973.51, calculated as one-third of total defense fees (representing the portion attributable to the qualified-immunity-barred damages claim), plus one-third of defense fees incurred after the November 2024 policy became moot, reduced by Plaintiffs' own one-third fee claim ($94,228 [ECF140 at 3–4]). The reasonableness of defense counsel's rates and hours is supported by the Declarations being submitted in support of this Motion.

Accordingly, Defendants respectfully request that this Court award them $80,973.51 in attorney's fees under 42 U.S.C. § 1988 and tax $10,620.72 in costs against Plaintiffs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

Respectfully submitted
by counsel for Defendants,

*s/John R. Maley*
John R. Maley, Dylan A. Pittman, Amanda Jane Gallagher, Charity Seaborn
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone:        317.231.7464
Fax:           317.231.7433
Email:        jmaley@btlaw.com
                 dpittman@btlaw.com
                 agallagher@btlaw.com
                 cseaborn@btlaw.com